UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **RICHARD POLLOCK** | : | **DOCKET NO. 6:21-cv-636** |
| **VERSUS** | : | **JUDGE ROBERT R. SUMMERHAYS** |
| **ANTHONY SALEME, ET AL** | : | **MAGISTRATE JUDGE HANNA** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of mandamus [doc. 1] filed by pro se petitioner Richard Pollock ("petitioner"). The petitioner is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at the St. Mary Parish Law Enforcement Center in Centerville, Louisiana ("SMPLEC").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that all claims be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. Background

Petitioner complains about the criminal matter proceeding against him in the 16th Judicial District Court, St. Mary Parish, Louisiana. He names as defendants the Assistant District Attorney assigned to his case in 2019, Anthony Seleme, Judge Keith Comeaux, Public Defender Dewana Stewart, and Court Reporter Lisa DeCourt. The gravamen of his case involves the appointment of, and correspondence with, a public defender in this matter, as petitioner asserts that he wishes to represent himself. He seeks a "release of bond obligation or a dismissal of the alleged case." Doc. 1, p. 5.

**II.     Law & Analysis**

Petitioner is advised – federal courts may not interfere with the state courts' application of state law. *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court (citation omitted). Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]..."). Contrary to petitioner's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Further, to the extent that petitioner alleges a constitutional error and seeks to invoke the federal mandamus jurisdiction of this court, such a claim is likewise subject to dismissal. Title 28 U.S.C. § 1361 provides in pertinent part, "[D]istrict courts ... have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Neither the 16th Judicial District Court, its judges, the St. Mary Parish District Attorney, the public defender, nor the court reporter are "officers or employees of the United States." Petitioner is clearly not entitled to federal mandamus relief.

**III.    Conclusion**

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE** in Chambers this 13th day of October, 2021.

                                             _____
                                             **PATRICK J. HANNA**
                                             **UNITED STATES MAGISTRATE JUDGE**